UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS GERING,

        Plaintiff,

vs.

FRAUNHOFER USA, INC., and
FRAUNHOFER-GESELLSCHAFT e.V.,

        Defendants.
                                              /

CASE NO. 05-CV-73458-DT
HON. LAWRENCE P. ZATKOFF

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on February 21, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant Fraunhofer USA, Inc.'s ("FUSA") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has filed a response to FUSA's Motion to Dismiss, FUSA has filed a reply and Plaintiff has filed a sur reply. The Court finds that the facts and legal arguments pertinent to FUSA's Motion are adequately presented in the parties' papers, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that FUSA's Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, FUSA's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is DENIED.

### II. BACKGROUND

Plaintiff has filed a five count Complaint against FUSA and Fraunhofer-Gesellschaft e.V. ("Gesellschaft"), wherein Plaintiff alleges: (1) a breach of contract, (2) tortious interference with

contract, (3) unjust enrichment, (4) fraud, and (5) quantum meruit. This action arises out of a Consulting Contract (the "Contract") that Plaintiff entered into with Gesellschaft, pursuant to which Plaintiff would be paid a commission for negotiating a settlement of litigation in Minnesota. Plaintiff alleges that the settlement resulted in an award of $19,500,000 to Gesellschaft, FUSA and others, and that Plaintiff was entitled to five percent (5%) of that amount ($975,000) under the Contract. Plaintiff alleges that officials at Gesellschaft disregarded his demand for payment and instead forwarded the settlement funds to its subsidiary, FUSA, with a directive to withhold payment to Plaintiff.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the plaintiff's complaint. The Court does not weigh the merits or facts of the case at this time. The Court must accept as true all factual allegations in the complaint, and any ambiguities must be resolved in the plaintiff's favor. *Jackson v. Richards Medical Co.*, 961 F.2d 575, 577 (6th Cir. 1992). A district court's grant of a motion to dismiss is proper when there is no set of facts that would allow the plaintiff to recover. *Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).

### IV. ANALYSIS

**A.     Count I - Breach of Contract**

FUSA argues that Plaintiff has failed to allege that Plaintiff and FUSA were ever parties to the same agreement. Plaintiff alleges that he entered into the Contract with Gesellschaft (Complaint, ¶ 11). Plaintiff also alleges there was a Contingency Agreement upon which Plaintiff's compensation was to be based (Complaint, ¶¶ 7, 12). FUSA and Gesellschaft allegedly are parties to the Contingency Agreement, but Plaintiff is not a party to the Contingency Agreement. As such, on the face of the Complaint, the Contract and the Contingency Agreement, the Court finds that

there is no contract to which Plaintiff and FUSA are both signatories such that Plaintiff could breach its express contractual relationship with Plaintiff.

Plaintiff next alleges that Gesellschaft deposited settlement proceeds with FUSA and that the litigation underlying the settlement "was of significance" to FUSA (Complaint, ¶¶ 17, 26). Plaintiff concludes that because FUSA received such proceeds and had an interest in the settlement of the litigation, FUSA is also a party to the contract. Plaintiff offers no authority for that conclusion, and the Court is not aware of any such legal principle.

Plaintiff alternatively argues that FUSA is simply the alter ego of Gesellschaft and therefore a party to the agreement. Under Michigan law, a plaintiff must prove three things in order to establish that a subsidiary is a mere instrumentality of a parent: (a) control by the parent to such a degree that the subsidiary has become its mere instrumentality; (b) fraud or wrong by the parent through its subsidiary; and (c) unjust loss or injury to the claimant. *Maki v. Copper Range Co.*, 121 Mich.App. 518, 525 (1983). Plaintiff alleges that: (1) FUSA is a wholly owned subsidiary of Gesellschaft (Complaint, ¶ 2), (2) funds from the settlement earmarked for Gesellschaft were deposited into the account of FUSA (Complaint, ¶ 17), and (3) FUSA withheld the funds at the directive of Gesellschaft (Complaint, ¶¶ 17, 18). In his briefs, Plaintiff also relies on: (i) the fact that there are several common members of FUSA's and Gesellschaft's respective board of directors, (ii) information on the internet describing FUSA's "intimate ties" with Gesellschaft, and (iii) invoices originating from Gesellschaft instructing FUSA of the manner in which to distribute (or to not distribute) the settlement proceeds. In summary, Plaintiff has asserted that Gesellschaft and FUSA are so closely allied that Gesellschaft virtually dominates FUSA, such that FUSA's existence can be ignored and regarded as a mere instrumentality of Gesellschaft. *See City of Petoskey v. OXY USA, Inc.,* 1996 Lexis 22643.

Based on the foregoing allegations and evidence, the Court finds that Plaintiff has sufficiently pled a theory that FUSA is the alter ego of Gesellschaft. Accordingly, FUSA's motion to dismiss is denied with respect to Count I of Plaintiff's Complaint.

**B.      Tortious Interference with Contract**

FUSA first correctly asserts that it cannot tortiously interfere with a contract to which it is a party, as such a cause of action requires that the tortfeasor be a third party to the contract. *See e.g.*, *Read v. Michigan Metro Girl Scout Council,* 201 Mich.App. 10, 12 (1993).  As such, the Court agrees with FUSA that FUSA could not tortiously interfere with the Contingency Agreement.

FUSA next argues that Plaintiff has failed to allege facts which would support a claim for tortious interference with the Contract under Michigan law, to wit: (1) the existence of a contract, (2) breach of the contract, and (3) an unjustified instigation of the breach by the defendant (here, FUSA). *See Badiee v. Brighton Area Schools*, 265 Mich.App. 343, 366-67 (2005); *Derderian v. Genesys Health Care Systems*, 263 Mich.App. 364, 382 (2004).  "[O]ne who alleges tortious interference with a contractual or business relationship must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another." *Badiee, supra* at 367 (citations and quotations omitted).

FUSA acknowledges that Plaintiff has alleged a contract between Plaintiff and Gesellschaft (Complaint, ¶ 11) and a business relationship between Plaintiff and the law firm of Wood, Herron & Evans, LLC (Complaint, ¶¶ 7, 34).  FUSA argues that the tortious interference claim is legally deficient, however, because Plaintiff has failed to allege any interference by FUSA with either relationship.  The Court finds that this argument lacks merit.  Plaintiff's Complaint contains numerous paragraphs which can be read to allege that FUSA interfered with the Contract (*see e.g.,* Complaint, ¶¶ 21, 28, 33).  In addition, the Court cannot agree with FUSA's contention that Plaintiff has failed to allege that FUSA instigated a breach of either of the above relationships. Plaintiff has asserted that (a) FUSA instigated the breach of the contract between Gesellschaft and Plaintiff when FUSA refused to dispense payment from the lawsuit to Plaintiff despite knowing of the existence of the Contract, (b) but for the withholding of the payment by FUSA, the alleged breach of the Contract would not have occurred, and (c)  FUSA knew that by withholding the payment, FUSA

4

would cause Gesellschaft to breach the Contract with Plaintiff.

For the foregoing reasons, the Court finds that Plaintiff has, for purposes of overcoming a 12(b)(6) motion, sufficiently set forth a claim of tortious interference with contract. The Court therefore denies FUSA's Motion with respect to Count II of Plaintiff's Complaint.

**C.     Unjust Enrichment**

FUSA argues that because Plaintiff argued in Count I that FUSA was a party to the Contract, Plaintiff cannot recover against FUSA for unjust enrichment because such a claim is not viable against a party to a contract. *Barber v. SMH (US), Inc.*, 202 Mich.App. 366, 375 (1993). While the legal argument that one cannot recover for unjust enrichment if he is a party to the contract is fundamentally sound, the Court finds that FUSA has overlooked the right of a plaintiff to plead alternate theories. See Fed. R. Civ. P. 8(e).

In order to sustain a claim of unjust enrichment under Michigan law, a plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff, and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant. *See, e.g., Watson v. Krzeczowski*, 2001 WL 732403, at **2 (Mich.App. 2001) (citing *Barber v. SMH (US), Inc.*, 202 Mich.App. 366, 375 (1993). FUSA states that Plaintiff has not sufficiently alleged unjust enrichment by FUSA because "Plaintiff specifically describes that [Gesellschaft] knowingly accepted the benefit of his labors, but does not state that [FUSA] obtained those benefits without paying value for them." (Complaint, ¶ 36). Although the Court agrees that Paragraph 36 does not support Plaintiff's claim of unjust enrichment against FUSA, other paragraphs of Plaintiff's Complaint provide sufficient allegations to support a claim of unjust enrichment against FUSA. For example, Plaintiff alleges (1) FUSA was a party to the Contingency Agreement (Complaint, ¶ 7), (2) the Contingency Agreement "outlined [the defendants'] assistance and compensation with respects [sic] to Dr. Tassilo Bonzel [sic] legal disputes with Boston Scientific Corporation" (Complaint, ¶7), (3) the Contract provided that Gesellschaft had "agreed to hire Plaintiff to coordinate all correspondence with respect to the Minneapolis litigation between Dr. Bonzel, as well

5

as the Defendants" (Complaint, ¶11), (4) "Plaintiff fulfilled his obligation under the Contract by providing coordinating and mediation services between Defendants and the other parties involved in the Minneapolis lawsuit" (Complaint, ¶ 27), (5) "Defendants have received approximately $19,500,000 with respect to the lawsuit" (Complaint, ¶ 19), (6) Defendants have made a minimal payment to Plaintiff with respect to the Contract but Defendants have refused to pay the remainder amounts due (Complaint, ¶¶ 20, 21), and (7) Defendants have been unjustly enriched by refusing to pay the total value of labor furnished Plaintiff (Complaint, ¶ 37).

Accordingly, the Court finds that the pleadings sufficiently state that (a) the services to be provided by Plaintiff were for the benefit of both Gesellschaft and FUSA, (b) Plaintiff provided the services, (c) both Gesellschaft, FUSA received proceeds as a result of the services Plaintiff provided, and (d) Plaintiff was injured because he was not paid in full for his services. The facts of the case may not support Plaintiff's claim, but such analysis is not appropriate in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1]

For the reasons set forth above, the Court concludes that Plaintiff has adequately plead a claim of unjust enrichment. Accordingly, FUSA's Motion is denied with respect to Count III.

**D.    Fraud**

In order to state an actionable claim of fraud, a plaintiff must plead that (1) the defendant made a material representation, (2) the material representation was false, (3) the defendant knew the material representation was false when it was made, or that the material representation was made recklessly as a positive assertion without knowledge of its truth, (4) the defendant made the statement with the intent that the plaintiff act or rely on it, (5) the plaintiff did act in reliance on it, and (6) plaintiff suffered injury as a result of such reliance. *See e.g., Hi-Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 336 (1976).

---

[1]The Court also notes that Plaintiff's response and sur reply briefs and FUSA's reply brief devote a great deal of effort discussing the conversion of funds. Plaintiff's Complaint does not include a count of conversion. As such, the Court does not address that issue herein, nor will it recognize such a claim in any other matter stemming from the Complaint currently filed in this matter

Plaintiff contends that it has pled a claim for fraud against FUSA because it has pled a claim for fraud against Gesellschaft and FUSA has an alter ego relationship with Gesellschaft. The Court agrees. As discussed in Section IV.A. above, Plaintiff has adequately pled an alter ego relationship between FUSA and Gesellschaft. In addition, Paragraphs 39 through 45 of Plaintiff's Complaint clearly set forth allegations upon which relief can be granted for fraud by Gesellschaft. As the actions of Gesellschaft are imputed to FUSA under the alter ego relationship, the Court finds that Plaintiff's allegations of fraud against FUSA are sufficient to survive the instant Motion to Dismiss. Defendant's Motion is therefore denied with respect to Count IV of Plaintiff's Complaint.

**E.   Count V - Quantum Meruit**

Neither of the parties discuss Count V in any of their briefs. In order to ensure that the Plaintiff's Complaint against FUSA is considered in its entirety, however, the Court now addresses Plaintiff's quantum meruit claim.

> Quantum meruit is an equitable remedy founded upon the principle that no one who benefits from the labor . . . of another should be unjustly enriched at the other's expense. The doctrine operates, in the absence of a specific contract, to infer a promise on behalf of the person to whom the benefit is conferred to pay a reasonable sum for the services or materials furnished. In other words, quantum meruit presupposes both the absence of an express contract and unjust enrichment of the defendant.

*Kane Enterprises v. MacGregor (USA), Inc.*, 322 F.3d 371, 375 (5th Cir. 2003) (citations omitted).

In summary, Plaintiff's specific allegations in support of his claim of quantum meruit are that "Defendants knew that Plaintiff was working diligently to coordinate all the correspondence between the parties in the Minneapolis lawsuit in order to achieve a productive resolution . . . and Defendants benefitted from the services provided by the Plaintiff . . ." (Complaint, ¶¶ 47, 48). Together with the allegations noted by the Court in Section IV.C. above, the Court finds that Plaintiff has adequately plead a claim of quantum meruit. Accordingly, FUSA's Motion is denied with respect to Count V of Plaintiff's Complaint.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, FUSA's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is DENIED.

IT IS SO ORDERED.

                                              s/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: February 21, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 21, 2006.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290