UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS GERING,    CASE NO. 05-CV-73458-DT
HON. LAWRENCE P. ZATKOFF

      Plaintiff,

vs.

FRAUNHOFER USA, INC., and
FRAUNHOFER-GESELLSCHAFT e.V.,

      Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on March 29, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Fraunhofer-Gesellschaft e.V.'s ("Gesellschaft") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and improper venue pursuant to Fed. R. Civ. P. 12(b)(3) (Docket #28). The parties have filed an abundance of responses and replies. The Court finds that the facts and legal arguments pertinent to Gesellschaft's Motion are adequately presented in the parties' papers, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that Gesellschaft's Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Gesellschaft's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is GRANTED.[1]

---

[1] In addition, for the reasons set forth in the respective Motions, Gesellschaft's Ex Parte Motion for Leave to File Excess Pages (Docket #42) and Plaintiff's Motion for Consideration of the Documents Attached as Exhibit A (Docket #43) are GRANTED.

## II.  BACKGROUND

Plaintiff has filed a five count Complaint against Fraunhofer USA, Inc. ("FUSA") and Gesellschaft, wherein Plaintiff alleges: (1) a breach of contract, (2) tortious interference with contract, (3) unjust enrichment, (4) fraud, and (5) quantum meruit.  This action arises out of a Consulting Contract (the "Contract") that Plaintiff entered into with Gesellschaft, pursuant to which Plaintiff would be paid a commission for negotiating a settlement of litigation in Minnesota.  Plaintiff alleges that the settlement resulted in an award of $19,500,000 to Gesellschaft, FUSA and others, and that Plaintiff was entitled to five percent (5%) of that amount ($975,000) under the Contract.  Plaintiff alleges that officials at Gesellschaft disregarded his demand for payment and instead forwarded the settlement funds to its subsidiary, FUSA, with a directive to withhold payment to Plaintiff.

Gesellschaft is a corporation based in Germany.  Gesellschaft does not conduct any business activities in the State of Michigan.  Plaintiff has not alleged in his Complaint, or in any of the response briefs filed with the Court, that any of the activities associated with the obligations of Gesellschaft or the Plaintiff under the Contract occurred in Michigan.  Plaintiff has alleged that FUSA has a bank account with Comerica Bank, in Plymouth, Michigan.  Plaintiff has further alleged that Gesellschaft caused the proceeds of the Minnesota litigation, including the portion to which Plaintiff contends he was entitled, to be directed to FUSA's Comerica Bank account in Plymouth, Michigan, before they were transferred to another account outside of the United States.

## III.  LEGAL STANDARD

**A.  Standard of Review**

Gesellschaft brought this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2).  It is well settled that the plaintiff bears the burden of establishing that personal jurisdiction exists in this Court.  *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135, 1141 (1936);

*accord Am. Greeting Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir. 1988); *Weller v. Commwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974)).

Once a defendant has filed its properly supported motion for dismissal, plaintiff "may not stand on . . . [its] pleadings, but must, by affidavit or otherwise, set forth specific facts showing that the court has [personal] jurisdiction [over defendant]." *Theunissen*, 935 F.2d at 1458 (citing *Weller*, 504 F.2d at 930). Here, Gesellschaft has filed a properly supported motion for dismissal, and each party has submitted numerous affidavits in support of their respective positions.

Accordingly, the Court has before it a properly supported Fed. R. Civ. P. 12(b)(2) motion and opposition thereto. At this stage of the proceedings the Court has three options:

> [I]t may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions.

*Theunissen*, 935 F.2d at 1458 (citing *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). It is within the Court's discretion to decide which method it will employ in deciding the motion. *Theunissen*, 935 F.2d at 1458 (citations omitted). However,

> the method selected will affect the burden of proof the plaintiff must bear to avoid dismissal. . . . Where the court relies solely on the parties' affidavits to reach its decision, the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal.

*Id.* (citations omitted).

In addition, "the pleadings and affidavits submitted on a 12(b)(2) motion are received in a light most favorable to the plaintiff." *Id.* at 1459 (citations omitted). "[H]owever, the court disposing of a 12(b)(2) motion . . . [cannot] weigh the controverting assertions of the party seeking dismissal." *Id.* (citations omitted). Because the Court will decide the instant motion on the pleadings submitted, it is under the parameters set forth above that the Court will analyze the instant motion.

**B. Personal Jurisdiction**

Under Rule 4(e) of the Federal Rules of Civil Procedure, the Court must look to the

Michigan long-arm statute, M.C.L.A. § 600.715, to determine whether personal jurisdiction exists in the case at bar. M.C.L.A. § 600.715 provides, in pertinent part:

> The existence of any of the following relationships between an individual or his agent and the State shall constitute a sufficient basis of jurisdiction to enable a Court of record of this State to exercise limited personal jurisdiction over the individual and to enable the Court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> (1) The transaction of any business within the State.
>
> (2) The doing or causing any act to be done, or consequences to occur, in the state, resulting in an action for tort.

In *Sifers v. Horn*, 385 Mich. 195 (1971), the Michigan Supreme Court stated that the word "any" which is found in M.C.L.A. § 600.715(a) "means just what it says. It includes 'each' and 'every' . . . . It comprehends the 'slightest'" contact. *Id*. at 199 n.2. *See also Lanier v. American Bd. Of Endodontics*, 843 F.2d 901, 905-906 (6th Cir. 1988). "However, constitutional concerns of due process limit the application of this state law." *Theunissen*, 935 F.2d at 1459 (citation omitted). A defect in the Due Process considerations "would foreclose the exercise of personal jurisdiction even where a properly construed provision of the long-arm statute would permit it." *Id.* The relevant criteria for Due Process consideration (the *Mohasco* requirements) are:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Theunissen*, 935 F.2d at 1460 (quoting *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1299 (6th Cir. 1989), *cert. denied*, 110 S.Ct. 1525 (1990)(citing *Southern Machine Co. v. Mohasco Industries, Inc*., 401 F.2d 374, 381 (6th Cir. 1968)).

## IV.  ANALYSIS

**A.      Is Personal Jurisdiction Authorized by Michigan Law?**

As the *Sifers* court recognized, the "transaction of any business within" Michigan under M.C.L.A. § 600.715 "means just what it says.  It includes 'each' and 'every' . . . .  It comprehends the 'slightest'" contact.  *Sifers*, 385 Mich. at 199 n.2.  In Paragraphs 2, 17 and 18 of its Complaint, the Plaintiff makes allegations regarding Gesellschaft's connections to Michigan as follows:

> 2.   Defendant Fraunhofer USA, Inc., is located in the city of Plymouth, county of Wayne, and State of Michigan.  Defendant Fraunhofer USA, Inc. is a foreign non profit corporation and is the principal wholly owned USA subsidiary to Defendant Fraunhofer-Gessellschaft e.V., a German based corporation, headquartered in Munich, Germany.
>
> 17.   That Defendant Fraunhofer-Gessellschaft e.V. requested that the Settlement proceeds be deposited into Defendant Fraunhofer USA, Inc. bank account in Plymouth, Michigan.
>
> 18.   That Defendant Fraunhofer-Gessellschaft e.V. began receiving the Settlement proceeds which were deposited into Fraunhofer USA, Inc. Plymouth, Michigan bank account on or about November 26, 2002 with the last payment made on or about November 15, 2004.

As such, Gesellschaft's alleged connections to the forum state are (1) it directed certain funds into FUSA's bank account in Plymouth, Michigan, and (2) it is a related entity of FUSA (but not that Gessellschaft engaged in business activities in Michigan via FUSA at any time other than putting the Minnesota litigation funds in the Plymouth, Michigan bank account of FUSA) .

For purposes of the balance of this Opinion, the Court will assume, without deciding, that Plaintiff has set forth sufficient evidence that Gesellschaft's contacts with Michigan are enough to authorize the Court's exercise of personal jurisdiction over Gesellschaft pursuant to M.C.L.A. §600.715.

**B.      Exercise of Personal Jurisdiction Would Offend Due Process**

As the *Neogen Corp.* court recognized, however, the mere authorization of the laws of Michigan to exercise personal jurisdiction over a defendant is not enough.  Rather,

> [i]n order to survive [Gesellschaft]'s motion to dismiss, [Plaintiff is] required to present a prima facie case that the . . . court's exercise of

> personal jurisdiction would not offend due process. [Plaintiff] therefore must establish with reasonable particularity sufficient minimum contacts with Michigan so that the exercise of jurisdiction over [Gesellschaft] would not offend "traditional notions of fair play and substantial justice.

*Neogen Corp.*, 282 F.3d at 889. The *Mohasco* requirements, discussed *supra*, ensure that due process is not violated.

In this case, the Court finds that the exercise of personal jurisdiction over Gesellschaft would offend due process. Although the filings in this case have been construed in the light most favorable to Plaintiff (as they must be at this time), *Serras*, 875 F.2d at 1214, the Court finds that the *Mohasco* requirements have not been satisfied in this case.

As noted above, the Court will assume Gessellschaft has purposefully availed itself of the privilege of acting in the forum state or causing consequence in the forum state. As such, the first *Mohasco* requirement is satisfied. The Court cannot find, however, that the alleged causes of action arise from Gesellschaft's alleged activities in Michigan. To the extent Gessellschaft breached the Contract or engaged in any other act which is actionable under Plaintiff's Complaint, such activities took place outside of the State of Michigan. Gesellschaft's alleged breach of the Contract or failure to pay Plaintiff occurred prior to and independent of its decision to channel funds through the State of Michigan. The "cause(s) of action" were the breach of the Contract or the decision not to pay Plaintiff, not Gesellschaft's decision to use FUSA's bank account. The mere act of channeling funds to Plymouth, Michigan, would not harm Plaintiff, nor does it give rise to a cause of action under the theories pled by Plaintiff.

In addition, even if the Court also assumed that channeling funds into the Plymouth, Michigan bank constituted a "cause of action," the acts of Gessellschaft and the consequences of those acts must have had a substantial enough connection with the forum state to make the exercise of jurisdiction over Gessellschaft reasonable. The Court finds that Gessellschaft simply does not have substantial enough connections with the State of Michigan such that it would be reasonable to exercise personal jurisdiction over Gessellschaft.

6

**C.     Miscellaneous**

The Court also makes the following observations about this case and the Plaintiff's decision to file it here. The Contract was written in German and provides that it is to be governed by German law. None of the services or obligations to be provided under the Contract appear to have any relationship to the State of Michigan whatsoever, and Plaintiff himself appears to have no connection to the State of Michigan.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, Gesellschaft's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is GRANTED.

IT IS SO ORDERED.

>                       s/Lawrence P. Zatkoff
>                       LAWRENCE P. ZATKOFF
>                       UNITED STATES DISTRICT JUDGE

Dated:  March 29, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 29, 2007.

>                       s/Marie E. Verlinde
>                       Case Manager
>                       (810) 984-3290