UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS GERING,                                         CASE NO. 05-CV-73458-DT
                                                       HON. LAWRENCE P. ZATKOFF
      Plaintiff,

vs.

FRAUNHOFER USA, INC., and
FRAUNHOFER-GESELLSCHAFT e.V.,

      Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on January 29, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Relief from Order Dated March 29, 2007, and for Reinstatement of Party (Docket #52). Former party defendant Fraunhofer-Gesellschaft e.V. (hereinafter, "Gesellschaft") has filed a response. The time within which Plaintiff could have filed a reply has expired. In addition, Gesellschaft has filed a Motion for Rule 11 Sanctions (Docket #63) as a result of Plaintiff filing the Motion for Relief from Order. Plaintiff has responded to Gesellschaft's Motion and Gesellschaft has filed a reply. The Court finds that the facts and legal arguments pertinent to the motions are adequately presented in the parties' papers, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the parties' motions be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Plaintiff's Motion for Relief from Order is GRANTED and Gesellschaft's Motion for Rule 11 Sanctions against Plaintiff is DENIED.

## II. BACKGROUND

On March 29, 2007, the Court issued an Opinion and Order (the "Opinion") dismissing Gesellschaft for lack of personal jurisdiction. Gesellschaft is a corporation based in Germany which caused the proceeds of some litigation in Minnesota to be deposited in a Michigan bank account of one of Gesellschaft's Michigan subsidiaries, Defendant Fraunhofer, USA, Inc. ("FUSA"). Plaintiff asserts that he is entitled to a 5% commission on those proceeds and that Gesellschaft and FUSA breached an agreement (the "Contract") in not paying him such commission. Those proceeds eventually were transferred from FUSA's account to another account outside of the United States.

In rendering the Opinion, the Court assumed, without deciding, that Gesellschaft's contacts with Michigan were enough to authorize the Court's exercise of personal jurisdiction over Gesellschaft pursuant to M.C.L.A. §600.715. The Court concluded, however, that the exercise of personal jurisdiction over Gesellschaft would offend due process because the *Mohasco* requirements (as set forth in Section III.B. below) had not been satisfied in this case.

## III. LEGAL STANDARDS

### A. Rule 60(b)

Plaintiff brings his Motion pursuant to Fed.R.Civ.P. 60(b). Under Rule 60(b), a court can relieve a party from a final order or judgment for a number of reasons. Plaintiff relies on subsections (2), (3) and (6) of Rule 60(b), which provide for relief from a final order or judgment when there is:

> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . misrepresentation or other misconduct of an adverse party; [or]
>
> (6) any other reason justifying relief from the operation of the judgment.

### B. Rule 11

Fed.R.Civ.P. 11(b) provides, in relevant part,

> (b) Representations to the Court. By presenting to the court (whether by signing, filing, submitting or later advocating) a pleading, written motion, or

other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, - -

>   (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
>   (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

Within the Sixth Circuit, "[t]he test for the imposition of Rule 11 sanctions is whether the litigant's conduct was reasonable under the circumstances." *U.S. v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 507 (6th Cir. 1998) (citation omitted).

## IV. ANALYSIS

**A.    Motion for Relief From Order**

As set forth in the Opinion, under Rule 4(e) of the Federal Rules of Civil Procedure, the Court must look to the Michigan long-arm statute, M.C.L.A. § 600.715, to determine whether personal jurisdiction exists in the case at bar. M.C.L.A. § 600.715 provides, in pertinent part:

> The existence of any of the following relationships between an individual or his agent and the State shall constitute a sufficient basis of jurisdiction to enable a Court of record of this State to exercise limited personal jurisdiction over the individual and to enable the Court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
>   (1) The transaction of any business within the State.
>
>   (2) The doing or causing any act to be done, or consequences to occur, in the state, resulting in an action for tort.

In *Sifers v. Horn*, 385 Mich. 195 (1971), the Michigan Supreme Court stated that the word "any" which is found in M.C.L.A. § 600.715(a) "means just what it says. It includes 'each' and 'every' . . . . It comprehends the 'slightest'" contact. *Id*. at 199 n.2. *See also Lanier v. American Bd. Of Endodontics*, 843 F.2d 901, 905-906 (6th Cir. 1988). "However, constitutional concerns of

3

due process limit the application of this state law." *Theunissen*, 935 F.2d at 1459 (citation omitted). A defect in the Due Process considerations "would foreclose the exercise of personal jurisdiction even where a properly construed provision of the long-arm statute would permit it." *Id.*

The relevant criteria for Due Process considerations (the *"Mohasco* requirements") are:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Theunissen*, 935 F.2d at 1460 (quoting *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1299 (6th Cir. 1989), *cert. denied*, 110 S.Ct. 1525 (1990) (citing *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

In his Motion, Plaintiff asserts several reasons the Court should reconsider the dismissal of Gesellschaft and vacate the Opinion. Plaintiff argues that Gesellschaft is subject to personal jurisdiction in this Court under a conspiracy theory of liability. Plaintiff has not, however, alleged any conspiracy theory of liability in this case. Accordingly, the Court does not consider this argument. Plaintiff also argues that Gesellschaft's transfer of litigation proceeds to FUSA perpetrated fraud on the German government. Even if that is true, Rule 60(b)(3) is aimed at fraud, misrepresentation or misconduct with respect to the manner in which the instant case is being litigated, not fraudulent acts that could harm third parties. *See, e.g., Jordan v. Paccar, Inc.*, 97 F.3d 1452 (6th Cir. 1996) (the Court ruled in plaintiff's favor where the defendant wrongfully withheld information about prior similar litigation during pre-trial discovery). In this case, Plaintiff does not even allege that the supposed fraud committed by Gesellschaft had any bearing on his cause of action or his ability to ascertain information necessary to prosecute his case. Accordingly, the Court finds that Plaintiff's claim for relief pursuant to Rule 60(b)(3) is without merit.

Plaintiff contends that Gesellschaft regularly funneled funds to FUSA in the form of loans for operating expenses and that this Court has personal jurisdiction over Gesellschaft as a result. Plaintiff's contention is based primarily on new evidence elicited from Erin Simmonds, the treasurer

of FUSA, at her deposition. Ms. Simmonds testified that Gesellschaft made loans to FUSA on a monthly to quarterly basis, and not all of the loans were repaid. Ms. Simmonds also testified that the funds from the Minnesota litigation were transferred from Gesellschaft to FUSA in December 2002 and then from FUSA's account to another account on January 3, 2003.

The Court finds that this new evidence is probative in two ways. First, Ms. Simmonds' testimony that funds from the litigation proceeds to which Plaintiff claims to be entitled were channeled into a bank in Plymouth, Michigan constitutes evidence that the transfer facilitated the breach of contract alleged by Plaintiff. Second, Ms. Simmonds' testimony reveals that Gesellschaft frequently was engaged in transactions with FUSA in Michigan such that there is evidence that Gesellschaft had substantial enough connections with the State of Michigan (and the consequences of the transfer of the litigation proceeds to the account in Plymouth, Michigan resulted in consequences) such that personal jurisdiction over Gesellschaft is appropriate. For these reasons, the Court finds that the exercise of personal jurisdiction over Gesellschaft will not violate constitutional due process rights because all of the *Mohasco* requirements have been satisfied.

Accordingly, for the reasons set forth in this Section IV.A., the Court GRANTS Plaintiff's Motion for Relief from Order, and Gesellschaft is REINSTATED as a party to this lawsuit.

**B.      Motion for Rule 11 Sanctions**

As Plaintiff's Motion for Relief from Order was granted, the Court finds that Plaintiff's Motion was reasonably filed. The Court therefore concludes that Gesellschaft's Motion for Rule 11 Sanctions is without merit. Accordingly, Gesellschaft's Motion for Rule 11 Sanctions is DENIED.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiff's Motion for Relief from Order Dated March 29, 2007, and for Reinstatement of Party is GRANTED, Gesellschaft is reinstated as a party to this lawsuit, and Gesellschaft's Motion for Rule 11 Sanctions against Plaintiff is DENIED.

IT IS SO ORDERED.

                                               s/Lawrence P. Zatkoff
                                               LAWRENCE P. ZATKOFF
                                               UNITED STATES DISTRICT JUDGE

Dated: January 29, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 29, 2008.

                                               s/Marie E. Verlinde
                                               Case Manager
                                               (810) 984-3290