UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS GERING,

      Plaintiff,

vs.

FRAUNHOFER USA, INC., and
FRAUNHOFER-GESELLSCHAFT e.V.,

      Defendants.

CASE NO. 05-CV-73458-DT
HON. LAWRENCE P. ZATKOFF

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on March 6, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on a Motion for Reconsideration filed by Defendant Fraunhofer-Gesellschaft e.V. (hereinafter, "Gesellschaft") (Docket #79). Plaintiff has filed a response but the Court has not considered it. *See* E.D. Mich. L.R. 7.1(g)(2). Pursuant to E.D. Mich. L.R. 7.1(g)(2), this Motion shall be decided on the motion and brief filed by Gesellschaft, without oral argument.

## II. BACKGROUND

On March 29, 2007, the Court issued an Opinion and Order dismissing Gesellschaft for lack of personal jurisdiction. At that time, the Court concluded that the exercise of personal jurisdiction over Gesellschaft would offend due process because the *Mohasco* requirements had not been satisfied in this case. Subsequently, Plaintiff filed a Motion for Relief from Order ("Motion for Relief"), wherein Plaintiff produced new evidence, namely the deposition testimony of Erin

Simmonds, the treasurer of the other Defendant in this case, Fraunhofer USA, Inc. ("FUSA"). Based on the new evidence presented in Plaintiff's Motion for Relief, the Court found that the *Mohasco* requirements had been satisfied and reinstated Gesellschaft as a party defendant in this case.

### III. LEGAL STANDARDS

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must (1) demonstrate a palpable defect by which the court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(g). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

### IV. ANALYSIS

Gesellschaft argues that Plaintiff did not introduce new evidence in the Motion for Relief and that, based on the evidence on the record, the *Mohasco* requirements have not been satisfied. Gesellschaft does not, however, explain how the Court was misled by such "palpable defects." Rather, Gesellschaft's Motion for Reconsideration is simply a reiteration of their arguments why the second and third *Mohasco* requirements are not satisfied in this case. The Court addressed this issue directly in the Opinion and Order issued January 29, 2008. Unlike the Motion for Relief filed by Plaintiff, there is no new argument in Gesellschaft's Motion for Reconsideration, and the only thing different is that there are a few new cases cited. Accordingly, the Court concludes that Gesellschaft has not demonstrated that there is a palpable defect by which the Court has been misled such that relief pursuant to E.D. Mich. L.R. 7.1(g) is warranted.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, Gesellschaft's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

          s/Lawrence P. Zatkoff
          LAWRENCE P. ZATKOFF
          UNITED STATES DISTRICT JUDGE

Dated: March 6, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 6, 2008.

          s/Marie E. Verlinde
          Case Manager
          (810) 984-3290