UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS GERING,

    Plaintiff/Counter-Defendant,

    v.

FRAUNHOFER USA, INC.,

    Defendant,

and

FRAUNHOFER-GESELLSCHAFT e.V.,,

    Defendant/Counter-Plaintiff.
_____/

CASE NO. 05-CV-73458-DT
JUDGE LAWRENCE P. ZATKOFF
MAGISTRATE JUDGE PAUL J. KOMIVES

<u>MEMORANDUM ORDER DENYING PLAINTIFF'S EMERGENCY MOTION TO COMPLE
DEPOSITIONS IN THE UNITED STATES (docket #123)</u>

This matter is before the Court on plaintiff/counter-defendant Thomas Gering's motion to compel depositions in the United States of defendant/counter-plaintiff Fraunhoffer-Gesellschaft's ("FhG") employees and witnesses. Plaintiff seeks an order requiring these persons to be deposed in the United States, rather than Germany. Upon consideration of the parties' briefs and the oral arguments of counsel, plaintiffs' motion will be denied.

As another judge of this Court has explained:

> [I]n the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located. Underlying this rule appears to be the concept that it is the plaintiffs wh bring the lawsuit and who exercise the first choice as to the forum. The defendants, on the other hand, are not before the court by choice. Thus, courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum.

1

*Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) (citations omitted). Gering's attempt to paint FhG as the plaintiff for purposes of the location of the depositions is unavailing. FhG did not choose to be in this forum, and sought dismissal from the action on jurisdictional grounds. When it was ultimately determined that FhG would be forced to appear in this case, FhG did file counterclaims against Gering. However, after reviewing the claims asserted in Gering's complaint and those asserted in FhG's counter-complaint, the Court concludes that those counter-claims are compulsory counter-claims under the broad reading courts give to Rule 13(a). *See Allan Block Corp. v. County Materials Corp.*, 239 F.R.D. 523, 529 (W.D. Wis. 2006); *Centennial Sch. Dist. v. Independence Blue Cross*, 885 F. Supp. 683, 685 (E.D. Pa. 1994). Because the counterclaim is compulsory, FhG remains in the position of a defendant for purposes of the location of depositions. *See Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D. Ill. 1982). Finally, the Court concludes that there are no exceptional circumstances warranting departure from the general rule that the depositions should occur where the witnesses are located, particularly in light of the fact that plaintiff chose this forum.

Accordingly, it is ORDERED that plaintiff's emergency motion to compel depositions in the United States is hereby DENIED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 9/30/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on September 30, 2008.
>
> s/Eddrey Butts
> Case Manager