UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS GERING,

    Plaintiff/Counter-Defendant,                  CASE NO. 05-73458
                                                               HON. LAWRENCE P. ZATKOFF

vs.

FRAUNHOFER USA, INC.,

    Defendant,

and

FRAUNHOFER-GESELLSCHAFT e.V.,

    Defendant/Counter-Plaintiff.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on March 11, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

       This matter is before the Court on the Motion to Dismiss First Amended Counter-Complaint (Docket #107) filed by Plaintiff/Counter-Defendant Thomas Gering ("Gering"). Defendant/Counter-Plaintiff Fraunhofer-Gesellschaft ("Gesellschaft") has filed a response, and Gering has filed a reply. The Court finds that the facts and legal arguments pertinent to the Motion are adequately presented in the parties' papers, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Gering's Motion to Dismiss is DENIED.

## II. BACKGROUND

Gering has filed a five count Complaint against Defendant Fraunhofer USA, Inc. ("FUSA") and Gesellschaft, wherein Gering alleges: (1) a breach of contract, (2) tortious interference with contract, (3) unjust enrichment, (4) fraud, and (5) quantum meruit. Gering's Complaint arises out of a Consulting Contract (the "Contract") that Gering allegedly entered into with Gesellschaft, pursuant to which Gering would be paid a commission for negotiating a settlement of litigation in Minnesota. Gering alleges that the settlement resulted in an award of $19,500,000 to Gesellschaft, FUSA and others, and that Gering was entitled to five percent (5%) of that amount ($975,000) under the Contract. Gering alleges that officials at Gesellschaft disregarded his demand for payment and instead forwarded the settlement funds to its subsidiary, FUSA, with a directive to FUSA that it withhold payment to Gering.

In its eleven count First Amended Counter-Complaint ("Counter-complaint"), Gesellschaft asserts that the Contract is a fraud fabricated by Gering and others in order to siphon Gesellschaft's assets for their benefit. Gering now seeks dismissal of:

(1) all of Gesellschaft's claims pursuant to Fed.R.Civ.P. 19, because Gesellschaft failed to join necessary and indispensable parties over whom the Court has no personal jurisdiction;

(2) those counter-claims that are barred by applicable statute of limitation periods; and/or

(3) Counts VI and VII, which are fraud claims Gering asserts are not pled with sufficient particularity, as required under Fed.R.Civ.P. 9.

## III. ANALYSIS

**A. Fed.R.Civ.P. 19**

> Rule 19 defines absentees who are needed for a just adjudication in very practical terms. An absentee will be deemed necessary, or "required," if failure to join it creates any of three potential risks: (1) inability of the court to accord complete relief among the parties; (2) risk of harm to the absentee's ability to protect its interest; or (3) risk of harm to the defendant by subjecting it to double liability or inconsistent obligations. In other words, there are three policy interests - - according complete relief, avoiding harm to the absentee, and avoiding unfair imposition of liability on

2

> the defendant - - that outweigh plaintiff autonomy in structuring of litigation. Thus, a necessary absentee is one who should be joined in the pending case not because of some *a priori* assessment, but because of a pragmatic analysis of whether nonjoinder may implicate one of these policy interests . . . most courts will order joinder to avoid harm either to the absentee or the defendant.

J.Moore's Federal Practice, § 19.02.

Gering asserts that Ventratec GmbH, a German limited liability company ("Ventratec"), and Dr. Manfred Paulus, a German citizen ("Paulus"), are persons who "claim an interest relating to the subject matter of" this action and that "the disposition of [this] action in [their] absence may . . . impair or impede [their] ability to protect that interest or . . . leave [them] subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations . . ." Gering fails to recognize, however, that (a) Gering is not a party to an action being prosecuted by Gesellschaft against Ventratec and Paulus in Germany, and (b) neither Ventratec nor Paulus is a party in this case. As such, Gering, Ventratec and Paulus will not be subject to double liability or inconsistent obligations as the result of those actions. As Gesellschaft argues, it has the right to bring an action solely against Gering in this court, and any verdict that is rendered in this case will not impose liability on Ventratec or Paulus because they are not parties to this action. Likewise, this action will not have any effect on the ability of Ventratec and Paulus to protect their interests, if any, because they will not be bound by any findings in this action.

Finally, as to the relief sought by Gesellschaft, this Court shall have the ability to accord complete relief to Gesellschaft, to the extent any is warranted, as between the parties. Gesellschaft's recovery, if any, of course, will be limited to relief that is the result of a finding of liability of Gering and collection from Gering. The liability of Ventratec and Paulus will not be tried in this matter, nor will Gesellschaft be entitled to any relief from Ventratec or Paulus (including the imposition of an accounting against Ventratec, as requested in Count II of the Amended Complaint). The Court also notes that, to the extent Gering desired that Ventratec and/or Paulus be subject to liability on Gesellschaft's Counter-complaint, Gering could have moved to bring them into this action (at this stage of litigation, however, such a motion would be untimely). Gering did not do so.

Therefore, for the reasons stated above, Gering's motion to dismiss based on Rule 19 is denied and this action may proceed against Gering, as the sole counter-defendant.

**B.      Statute of Limitations**

Gering asserts that the pleadings reflect that the activities for which Gesellschaft seeks to impose liability occurred in Germany. As such, Gering asserts: (1) German law should apply, and (2) Gesellschaft's claims are time-barred thereunder. Alternatively, Gering asserts that Michigan law would apply and operate to bar a number of Gesellschaft's claims. Gesellschaft, on the other hand, contends: (i) many of the claims set forth in the Counter-complaint require the application of Minnesota law, and (ii) as to those claims governed by German law, a German counter-claim savings statute precludes dismissal for untimeliness. Gesellschaft also suggests that "discovery is required to determine whether some other jurisdiction may have a greater interest in applying its limitations period."

The Court has reviewed the docket and notes that Gering recently filed a motion for summary judgment. The motion for summary judgment is based principally on the theory that Gesellschaft's counter-claims are barred by the applicable statute of limitations. The Court notes that the parties' arguments regarding applicable law and statutes of limitations are more developed and divergent in the summary judgment briefs than those related to the motion to dismiss discussed herein. Accordingly, for purposes of this Opinion, the Court denies, without prejudice, Gering's motion to dismiss Gesellschaft's counter-claims as time-barred. The Court will address the statute of limitations issue in deciding the motion for summary judgment.

**C.      Count VI**

In Count VI of the Counter-complaint, Gesellschaft alleges that "Gering did not intend to keep [his] promises at the time he made them . . ." Gering asserts that Count VI must be dismissed because Michigan does not allow a cause of action based on future promises. Gering cites *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330 (1976), in support of his argument, but Gering does not specify what the *Hi-Way* court stated that warrants the dismissal of Count VI. In reviewing *Hi-*

4

*Way*, the Court finds the Michigan Supreme Court recognized that "fraudulent misrepresentation may be based upon a promise made in bad-faith without intention of performance." *Id*. at 337-38 (citation omitted). *See also Foreman v. Foreman*, 266 Mich.App. 132, 143 (2005) ("an unfulfilled promise to perform in the future is actionable when there is evidence that it was made with a present undisclosed intent not to perform"). As such, the Court concludes that Gesellschaft's pleading comports with the conclusions of the *Hi-Way* and *Foreman* courts, *i.e.*, Gering made a promise that, at the time he made it, he had no intent to perform. Accordingly, Gering's motion to dismiss Count VI is denied.

**D.     Count VII**

Gering argues that Gesellschaft's fraudulent concealment/silent fraud allegations in Count VII must be dismissed because they do not "contain specific allegations of date or time, or indeed specific misrepresentations allegedly made by Gering." Gering also argues that the allegations in Count VII fail to state how such allegedly fraudulent activity caused Gesellschaft injury or damages. Under Fed.R.Civ.P. 9(b), allegations of fraudulent misrepresentations "must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Advocacy Org. for Patients & Providers v. Autoclub Ins. Assoc.*, 176 F.3d 315, 322 (6th Cir. 1999).

After reviewing Gesellschaft's Counter-complaint, the Court concludes that Count VII is adequately pled. Although Gesellschaft does not specify an exact date or time for each alleged fraudulent act of Gering, the Court finds that Gesellschaft's Counter-complaint does allege that Gering:

> (1)    misrepresented his academic history when he applied to work for, and was hired by, Gesellschaft in 1998;
>
> (2)    entered into an agreement in September 2001 on behalf of Ventratec which was not approved by or disclosed to Gesellschaft's executive board, as was necessary;
>
> (3)    signed a Contingency Agreement on or about May 30, 2000, with a law firm and a Sharing Agreement in June 2000 with a Dr. Bonzel, neither of which Gering had authorization to execute;

5

    (4)    entered into a fraudulent Consulting Agreement in June 2001, whereby Gering would be entitled to 5% of the settlement proceeds in the Minnesota litigation, even though Gesellschaft did not authorize such agreement; and

    (5)    revised the Sharing Agreement in October 2002, again without authority to do so.

The Court also finds that Gesellschaft pled that:

    (a)    such fraudulent activity was concealed and not discoverable despite due diligence by Gesellschaft (¶ 85),

    (b)    Gering intended that Gesellschaft rely on such non-disclosures (¶ 86),

    (c)    Gesellschaft relied on Gering's fraudulent activity and non-disclosures to Gesellschaft's detriment (in six specific ways) (¶ 87), and

    (d)    suffered harm as a consequence (¶ 89), including the loss of $6,000,000 in one instance (¶ 41).

For the foregoing reasons, the Court concludes that Gesellschaft (i) alleged fraudulent misrepresentations by Gering "with sufficient particularity and with sufficient factual basis to support an inference that they were knowingly made," *Advocacy Org. for Patients & Providers*, 176 F.3d at 322, and (ii) satisfied the pleading requirements of Fed.R.Civ.P. 9(b) in filing its Counter-claim. Accordingly, Gering's motion to dismiss Count VII pursuant to Rule 9(b) is denied.

## IV.  CONCLUSION

Accordingly, and for the reasons set forth above, Gering's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

                                            S/Lawrence P. Zatkoff
                                            LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

Dated:  March 11, 2009

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 11, 2009.

                                          S/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290