UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS GERING,

    Plaintiff,                                                Case No. 05-73458

v.                                                     Hon. Lawrence P. Zatkoff

FRAUNHOFER-GESELLSCHAFT e.V.,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on September 9, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

On September 3, 2009, this Court granted a motion for summary judgment filed by former defendant Fraunhofer USA, Inc. ("FUSA"), a corporation based in Plymouth, Michigan. As a result, the only remaining Defendant to this cause of action is Fraunhofer-Gessellschaft, e.V. ("FHG"), a non-profit corporation based in Munich, Germany. In its initial filing in this case (Motion to Dismiss in Lieu of Responsive Pleadings, Docket # 28), FHG requested that the Court dismiss this action on grounds of *forum non conveniens*. For the reasons that follow, the Court now DISMISSES Plaintiff's cause of action, as well as Defendant's Counter-complaint, without prejudice, on grounds of *forum non conveniens*.

1

## II.  BACKGROUND

FHG's primary business is to conduct research and development at numerous Institutes it operates in Germany.  At all times relevant to this case, FHG operated the Patentstelle ("Patent Center"), a division of FHG in Germany that endeavors to commercialize patents generated by the FHG Institutes and outside inventors.  Plaintiff is a German citizen who currently lives in Sarasota, Florida.  Plaintiff was employed by FHG and worked at the Patent Center from 1998 through June 20, 2001.  While employed by FHG, one of Plaintiff's duties was to act as a liaison between the Patent Center and Dr. Tassilo Bonzel ("Dr. Bonzel") with respect to litigation to enforce Dr. Bonzel's patent rights in the United States ("Bonzel Litigation").  The Bonzel Litigation was prosecuted in Minnesota by an Ohio law firm, Wood, Herron and Evans ("Wood Herron"), pursuant to a contingency agreement between Dr. Bonzel, FHG and Wood Herron ("Contingency Agreement").

Plaintiff asserts that he entered into a written consulting contract ("Consulting Contract") with FHG (the Patent Center) on June 27, 2001.[1]  The Consulting Contract was signed by Plaintiff and his immediate supervisor, Patent Center director Manfred Paulus, on behalf of the Patent Center.  The Consulting Contract provided that FHG would pay Plaintiff a commission of 5% of any settlement proceeds FHG received in the Bonzel Litigation and Plaintiff would continue his work as a liaison to Dr. Bonzel on behalf of the Patent Center.  The Consulting Contract is written in German and provides that "it is subject to German law."

---

[1] FHG disputes (a) that the Consulting Contract was executed on or about June 27, 2001, and (b) the validity of the Consulting Contract (even if so executed) because it was not formally approved by at least two members of FHG's four-member Executive Board, as is required.

2:05-cv-73458-LPZ-PJK   Doc # 227   Filed 09/09/09   Pg 3 of 10   Pg ID 5621

Ultimately, the parties to the Bonzel Litigation reached a settlement whereby Dr. Bonzel received approximately $80 million. According to the Contingency Agreement, FHG was entitled to approximately $20 million of the settlement amount. Plaintiff asserts that FHG has not paid all of the commission FHG owes him pursuant to the Consulting Contract. As a result, Plaintiff employed a debt collector to help recover the money from FHG. Plaintiff then filed this action against FHG and FUSA on September 8, 2005. FHG was finally served on April 28, 2006, and FHG responded by filing a motion to dismiss in lieu of responsive pleadings. The thrust of FHG's argument was that it was not subject to personal jurisdiction in the Eastern District of Michigan, but FHG also argued in the alternative that the case should be dismissed without prejudice on grounds of *forum non conveniens*. After extensive briefing by the parties, the Court issued an Opinion and Order on March 29, 2007, wherein it dismissed FHG for lack of personal jurisdiction. As a result, the Court did not reach the issue of whether this case should be dismissed on grounds of *forum non conveniens*.

After Plaintiff conducted some discovery in this case, Plaintiff filed a motion for reconsideration seeking to reinstate FHG as a party. After determining that FHG had sufficient contacts with Michigan such that the Court could exercise personal jurisdiction over FHG, the Court granted Plaintiff's motion for reconsideration on January 29, 2008. FHG then filed a motion for reconsideration of that determination, which the Court denied on March 6, 2008. As FHG's motion for reconsideration argued only the issue of personal jurisdiction, and because FUSA, a corporation headquartered in Michigan, remained a defendant in this action, the Court did not address the issue of *forum non conveniens* at that time.

On March 26, 2008, FHG filed an eight count Counter-Complaint against Plaintiff. On January 9, 2009: (1) FUSA filed a Motion for Summary Judgment as to the cause of action filed

by Plaintiff; (2) FHG filed a Motion for Summary Judgment as to the cause of action filed by Plaintiff; and (3) Plaintiff filed a Motion for Summary Judgment with respect to the Counter-Complaint filed by FHG. On September 3, 2009, the Court granted FUSA's Motion for Summary Judgment. Therefore, FHG is the sole remaining Defendant in this case.

### III. APPLICABLE LAW

In *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 (1947), the Supreme Court set out guidelines for determining when a dismissal on grounds of *forum non conveniens* is appropriate. The Sixth Circuit summarized such guidelines as follows:

> [T]he defendant seeking a *forum non conveniens* dismissal must identify an alternative forum. Once the existence of such a forum is established the trial court must consider the private interests of the litigants and factors of public interest in determining relative convenience of the forum chosen by the plaintiff as opposed to the available alternative forum. Among the important private interest considerations are "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of unwilling witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." [*Gulf Oil*, 330 U.S.] at 508[.] The court must also consider problems of enforcing a judgment if one is obtained and relative advantages and obstacles to a fair trial, if any. "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.* The Court also identified relevant public interest factors: administrative difficulties of courts with congested dockets; the burden of jury duty on people of a community having no connection with the litigation; desirability of holding a trial near those most affected by it ("There is local interest in having localized controversies decided at home."); appropriateness of holding a trial in a diversity case in a court which is familiar with governing law.

*Dowling v. Richardson-Merrell, Inc.* 727 F.2d 608, 612 (6th Cir. 1984) (citing *Gulf Oil,* 330 U.S. at 508-09) (holding that a decision to dismiss on the basis of *forum non conveniens* "was not even close with respect to public interest factors" when the case would involve the application of

4

foreign tort law unfamiliar to the district court). *See also Barak v. Zeff*, 289 Fed.Appx. 907, 910 (6th Cir. 2008); *Duha v. Agrium, Inc.*, 448 F.3d 867, 873 (6th Cir. 2006).

In *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981), the *Gulf Oil* guidelines were modified slightly. The plaintiffs in *Piper* were not U.S. citizens, and the Supreme Court ruled a foreign plaintiff's choice of forum was entitled to less deference because the "home forum" was not chosen and thus convenience could not be assumed. *Piper*, 454 U.S. at 256. In addition, the Supreme Court held that when evaluating the factors set out in *Gulf Oil,* no one factor is determinative; rather, the "central focus of the ... inquiry is convenience...." *Id.* at 249. Significantly, "dismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." *Id.* There is no requirement in *Piper* that the burden be "oppressive," though an oppressive burden would be sufficient. *Stewart v. Dow Chemical*. 865 F.2d 103, 106 (6th Cir. 1989) (granting motion to dismiss on grounds of *forum non conveniens* where alternate forum's interest in the case was much greater than "home forum" and alleged location of most of the evidence was in alternate forum).

## IV.   ANALYSIS

"The doctrine of *forum non conveniens* presupposes the existence of at least two forums in which the defendant may be sued; the defendant seeking a *forum non conveniens* dismissal must identify an alternative forum." *Dowling*, 727 F.2d at 612. In its Motion to Dismiss in Lieu of Responsive Pleading, FHG (1) identified Germany as an alternate forum; (2) stated that FHG was amenable to suit in Germany; and (3) agreed to condition dismissal of this case on its promise not to contest jurisdiction if Plaintiff elected to file his claims in Germany.

The Court has evaluated the factors set out in *Gulf Oil* and its progeny in the context of the facts and circumstances involved in this case. Taking into account that the "central focus of the [Court's] inquiry is convenience[,]" the Court finds that (a) Michigan is not a convenient or appropriate forum to try this case, and (b) Germany would be a far more convenient and appropriate forum to try this case.

**A.  Private Interest Factors**

As has been evident in the discovery process in this case, as well as the extended periods required for service of FHG in the first place, the "ease of access" to sources of proof has been lacking as this case has been litigated in the Eastern District of Michigan. Few, if any, of the witnesses are within the territory covered by the Eastern District of Michigan, especially now that the claims against FUSA have been dismissed and FUSA is no longer a party to Plaintiff's cause of action.

This Court does not have the authority to compel foreign witnesses to appear and testify in the Eastern District of Michigan, and the overwhelming majority (if not all) of the potential witnesses in this case are foreign witnesses. Accordingly, the Court will not be able to compel the majority of witnesses to appear and testify in this case, which will seriously hamper the ability of the fact finder (in this case, the jury) to determine the facts in this case. Even if the foreign witnesses (predominantly German citizens) are willing to testify in the Eastern District of Michigan, the expense of bringing them here to testify would be substantial. In addition, it is very likely that one or more interpreters will be required at all times in the event this case proceeds to trial in the Eastern District of Michigan.[2]  Finally, as the only persons, evidence or other considerations relevant to this case located in the Eastern District of Michigan are some of

---

[2] It does not appear to the Court that there are any premises to view, so that factor does not weigh in the Court's analysis.

6

the parties' attorneys and the Court itself, the Court concludes that the Eastern District of Michigan is not a forum conducive to resolving "all other practical problems that make trial of a case easy, expeditious and inexpensive."

Accordingly, for the reasons discussed above, the Court concludes that the private interest factors strongly favor trying this case in Germany rather than in the Eastern District of Michigan.

### B. Public Interest Factors

Although there would be no administrative difficulty for this Court to try this case in the sense that the Court's docket is not congested, the Court is unfamiliar with the German language and German law.  As the parties agree, the validity, construction and enforcement of the Consulting Contract is controlled and determined by German law. Significantly, Michigan and federal law require that the parties' choice of law should be respected:

> The Michigan Supreme Court has observed that [choice of law] provisions are valid unless (1) "the chosen state has no substantial relationship to the parties or the transaction," (2) "there is no reasonable basis for choosing that state's law" or (3) if the application of the provision "would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue".

*Citicorp Vendor Finance, Inc. v. Trillium Plastics Surgery, P.C.*, 2006 WL 355180, at *2 (Mich. Ct. App. 2006), citing *Chrysler Corp v Skyline Industrial Services, Inc*, 448 Mich. 113, 126 (1995), and Restatement Conflict of Laws, 2d, § 187(2)(b) at 561 (1988).  The Court's unfamiliarity with the German language (both written and spoken) and German law that will govern this case weighs heavily in favor of dismissing this case on the basis of *forum non conveniens*. *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 615 (6th Cir. 1984).  The fact that a jury in the Eastern District of Michigan will be comprised of English-speaking persons

7

(presumably similarly lacking knowledge of the German language) likewise strongly disfavors trying this case in the Eastern District of Michigan.

The Court notes that the Consulting Contract, *i.e.*, the heart of this controversy, was negotiated and executed in Germany, while Plaintiff was residing in that country.   None of the events at issue in this case (*e.g.,* Plaintiff's employment by FHG, any subsequent relationship between Plaintiff and FHG, any payments due Plaintiff that were withheld by FHG and any misrepresentations or fraud committed by either party) occurred in Michigan.  While the citizens of Germany certainly would have an interest in the outcome of this litigation, Michigan and its citizens have no interest whatsoever in the outcome of this dispute among non-Michigan residents.  Therefore, there is good reason to hold the trial in Germany, near those most affected by it, rather than in Michigan, where jury duty will be an unnecessary burden for its citizens.

Accordingly, for the reasons set forth above, the Court concludes that the public interest factors weigh heavily in favor of this case being tried in Germany.

### C.  Germany is the Most Appropriate and Convenient Forum

Plaintiff is not a Michigan citizen.  In fact, he is not even a United States citizen. Although Plaintiff claims to be a resident of Florida, he is from Germany, he has lived and worked in Germany for extended periods of time, and he remains a German citizen.  Moreover, there is no evidence that Plaintiff has any *connections* to Michigan, nor can the Court ascertain any reasons of convenience that would support Plaintiff's choice of the Eastern District of Michigan as the forum.  Accordingly, Plaintiff's choice of forum is not entitled to the same deference for his choice of forum as the typical litigant filing an action in this Court.

Germany is a significantly more convenient forum to try this case than the Eastern District of Michigan.  First, because the Consulting Contract requires that its interpretation and

enforcement shall be according to German law, a German court will be far more qualified to oversee the litigation. Second, the witnesses relevant to the underlying contract, its viability, and the compensation issues involving Plaintiff generally reside in Germany and presumably speak and read German. As Plaintiff is fluent in German (as evidenced by his execution and understanding of the original Consulting Contract), he will not be prejudiced if this matter is litigated in German. Third, neither party will be inconvenienced if the proceedings are conducted in Germany. Michigan is not a "home forum" for either party. FHG is a German corporation, and Plaintiff does not reside in Michigan. In fact, Plaintiff will have to travel approximately 1,000 miles to Michigan even if the Court retains this matter. Furthermore, Plaintiff is a German citizen and is already involved in pending litigation with FHG in Germany (he is defending FHG's claim that funds were wrongfully paid to him by FHG).

Fourth, the Consulting Contract was purportedly signed in Germany and was written in the German language, the parties are domiciled in Germany, and it appears that any decision by FHG resulting in the alleged harm to Plaintiff occurred in Germany. Thus, it is clear that the people of Germany have an interest in this controversy; it is their fellow citizen who was allegedly injured and a large, long-established German corporation that allegedly caused the injury. Fifth, now that FUSA is not a party to the litigation, the facts and events at issue in this case have no connection to Michigan. Michigan therefore has no interest in the outcome of this controversy.

### D. Conclusion

For the reasons set forth above, the Court concludes that Plaintiff's cause of action shall be dismissed on the grounds of *forum non conveniens*. The dismissal of Plaintiff's cause of action

9

shall be without prejudice. For the same reasons, Defendant's Counter-complaint is dismissed without prejudice.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby DISMISSES Plaintiff's cause of action, as well as Defendant's Counter-complaint, without prejudice. Judgment shall be entered accordingly.

    IT IS SO ORDERED.

                                                    S/Lawrence P. Zatkoff
                                                    LAWRENCE P. ZATKOFF
                                                    UNITED STATES DISTRICT JUDGE

    Dated:  9/09/2009